NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0618n.06

No. 08-2066

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
                                                        FILED
                                                      Aug 28, 2009
                                                   LEONARD GREEN, Clerk
```

In re: LUCY MAZUREK PILCH, aka Lucy M.
Mazurek,

     Debtor,

LUCY MAZUREK PILCH, aka Lucy M.
Mazurek,

     Appellant,

v.

ROSE E. BAREHAM Chapter 7 Trustee;
SALOMON BROTHERS REALTY
CORPORATION; OCWEN LOAN
SERVICING, LLC,

     Appellees.

_____/

On appeal from the United States District Court for the Western District of Michigan

BEFORE:    MARTIN, RYAN, and SUTTON, Circuit Judges.

     RYAN, Circuit Judge.     Lucy Mazurek Pilch, aka Lucy M. Mazurek, a bankruptcy debtor and unsuccessful petitioner in a bankruptcy adversary proceeding, appealed the bankruptcy court's decision to the district court. The district court held: 1) it is without jurisdiction to entertain Pilch's appeal of the bankruptcy court's order overruling her objection to a creditor's amended proof of claim; and 2) the Trustee, Rose E. Bareham's compensation was not calculated improperly. We find no error in the district court's decision.

Moreover, the district court judge, Honorable Gordon J. Quist, prepared a well-reasoned opinion that thoroughly discusses and analyzes each issue presented to this court. Because we cannot improve upon the reasoning in Judge Quist's excellent opinion, we adopt his opinion as our own.

Accordingly, we **AFFIRM** the judgment of the district court.

**BOYCE F. MARTIN, JR., concurring.** I concur with the majority, with one clarification. Although I think the district court admirably analyzed this case as it was presented by the lawyers, it was burdened by their erroneous understanding of the governing law regarding whether the trustee's compensation was calculated correctly. In my view, the compensation of attorneys who render postpetition services—whether hired by the bankrupt party or by a trustee operating under a stipulation—is governed solely by 11 U.S.C. 503(b)(2), which allows for "compensation and reimbursement awarded under section 330(a)." Section 330(a) allows for "a professional person employed under section 327," and § 327, in turn, allows trustees to employ, with court approval, "one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties." 11 U.S.C. § 327. The district court, operating under the parties' incorrect view of the governing law, instead relied exclusively on 11 U.S.C. § 503(b)(1)(A).

Specifically, I agree with the district court that disbursements to "parties of interest"—"those persons with a personal stake or pecuniary interest in the outcome of the controversy," *Normali v. O'Donnell (In re O'Donnell)*, 326 B.R. 901, 2005 WL 1279268, at *5 (B.A.P. 6th Cir. 2005)—is the relevant amount for determining a trustee's compensation. But it is my view that § 503(b)*(2)*, not 503(b)*(1)(A),* is the controlling provision. Moreover, while one argument then might be that either provision could suffice—thus making the district court's position kosher—the Seventh Circuit has cogently explained why that view is illogical, and so the only avenue for attorney compensation is through § 503(b)(2) (and

hence also §§ 330(a) and 327). *In re Milwaukee Engraving Co.*, 219 F.3d 635, 636 (7th Cir. 2000).

This is significant because it means I cannot agree with the district court that determining if the trustee's compensation was calculated correctly depends on whether the stipulation in this case was an "administrative expense." That inquiry asks whether the expense (1) arose from a transaction with or as consideration to the bankruptcy estate, and (2) directly and substantially benefitted the estate. *Pension Benefit Guaranty Corp. v. Sunarhauserman, Inc.*, 126 F.3d 811, 816 (6th Cir. 1997); *see also Caradon Doors & Windows, Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus.)*, 447 F.3d 461, 464 (6th Cir. 2006). The district court thus asked only whether the attorney's agreement to take the case "arose from a transaction with" the bankruptcy estate via the stipulation, or instead was with Pilch only. That the district court was able to use so much skill in fitting a square peg into a round hole cannot remedy the parties' improper reliance on inapposite governing law.

So what is the proper inquiry? Again, 11 U.§C. § 503(b)(2) provides the only avenue through which postpetition attorneys can seek compensation. And, again, 503(b)(2) references § 330, which references § 327. That provision allows "the trustee, with the court's approval, [to] employ" an attorney. Thus, we must ask, Did the trustee "employ" Pilch's attorney? Although a close issue, I think the answer to that question is yes. The stipulation required Pilch to hire legal counsel to pursue her state-court claim, and so it is fair to say that the trustee "employ[ed]" Pilch's state-court attorney to "represent or assist the trustee in carrying out the trustee's duties." 11 U.S.C. § 327(a). The trustee may not

have directly contracted with the attorney, but the attorney essentially worked on the trustee's behalf, and there is nothing in the bankruptcy code that prohibits outsourcing this task to the debtor.

With this clarification, I concur.